# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-90-RJC

| | |
|---|---|
| MICHAEL GEDDINGS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| GLENN M. BULLOCK, <br> FNU LIEUTENANT TUCKER, <br> FNU OFFICER NANCE, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Amended Complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. No. 12).

## I. BACKGROUND

Pro se Plaintiff Michael Geddings is a state inmate, currently incarcerated at Polk Correctional Institution. On February 22, 2011, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that at around 5:30 a.m. on December 28, 2010, while housed at Lanesboro Correctional Institution, Plaintiff was placed in full restraints for behavioral problems. Plaintiff alleges that around twelve (12) hours later, and while still in full restraints, he asked Defendant Officer Nance if he could take the restraints off to use the bathroom, but Defendant Nance refused, stating that the Unit Manager, Defendant Sergeant Bullock, said that Plaintiff needed to keep the restraints on. Plaintiff alleges that he subsequently fell and was injured while using the bathroom. Plaintiff alleges that Defendant Bullock "acted with deliberate indifference to my basic human need to relieve myself, resulting in physical injury . . . ." (Doc. No. 1 at 4). Plaintiff further alleges that Defendant Nance "chose to go along with [Bollock's deliberate

-1-

indifference] and kept me in restraints." (Id.).

In bringing his claim, Plaintiff used the standard form for prisoners filing a § 1983 civil rights complaint in this Court. Section III of the standard form requires information from the prisoner regarding exhaustion of administrative remedies. Plaintiff stated in Section III that he presented the facts of each claim related to his complaint in a grievance filed on January 30, 2011. He stated that in the grievance he "notified the administration that I sustained injury due to being release[d] from restraints to use the restroom, as per policy and procedure." (Doc. No. 1 at 2). In response to the question whether he appealed any adverse decision to the highest level possible, Plaintiff wrote "N/A" and presented the following explanation: "I filed a previous grievance on 12-31-10 about my personal property (Headphones to my radio) being broken upon being returned to me. I appealed their decision that they were already broke, and my most recent grievance was returned to me stating it had been delayed." (Id.).

On March 10, 2011, in a Prisoner Administrative Remedy Statement, Plaintiff stated that the action arose at Lanesboro Correctional Institution, that Plaintiff was currently housed at Polk Correctional Institution, and that Plaintiff did not believe he had administrative remedies.

On April 13, 2012, after receiving permission from the Court, Plaintiff filed an Amended Complaint. In the Amended Complaint, Plaintiff alleged again that he was injured after attempting to use the bathroom in full restraints after Lanesboro officers Lance and Bullock refused to allow him remove the restraints. Plaintiff also added Lanesboro correctional officer Tucker as a third Defendant, stating that Plaintiff first asked Defendant Tucker to remove the restraints before asking Defendant Nance to do so, and that Tucker refused. Plaintiff further alleges that Tucker ordered the removal of everything from Plaintiff's cell, including Plaintiff's mattress, after Plaintiff started a fire in his cell. Plaintiff alleges that Defendant Tucker acted

with deliberate indifference to Plaintiff's needs by depriving Plaintiff of a mattress and keeping him in full restraints for 48 hours.

In the Section of the Amended Complaint titled "Exhaustion of Legal Remedies," Plaintiff alleged that he "used the prisoner grievance procedure available at Lanesboro Corr. Inst. to try and solve the problem. Copy of grievance was filed on 3-11-2011 as stated on case docket sheet. The remedy Plaintiff Geddings is seeking, Department of Corrections cannot provide." (Doc. No. 12 at 3). Plaintiff did not attach the grievance that was purportedly filed on 3-11-2011 to either his original Complaint or his Amended Complaint.

## II.     STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90

(quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. ANALYSIS

Here, the face of the Complaint, the Amended Complaint, and Plaintiff's own assertions show that Plaintiff failed to exhaust his administrative remedies with regard to his claims before bringing this lawsuit. Therefore, Plaintiff's claims must be dismissed for failure to exhaust administrative remedies.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's action is **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is directed to close

this case.

Signed: April 23, 2012

Robert J. Conrad, Jr.
Chief United States District Judge